IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
GEORGE HORNE,                                           :
                                                        : CASE NO.    1:03 CV 2243
                              Plaintiff                 :
                                                        :
          -vs-                                          : MEMORANDUM AND ORDER
                                                        : DENYING DEFENDANT'S MOTION
COLONIAL LIFE & ACCIDENT                                : IN LIMINE
INSURANCE COMPANY,                                      :
                                                        :
                              Defendant.                :
------------------------------------------------------- 

UNITED STATES DISTRICT JUDGE LESLEY WELLS

In this breach of contract matter, defendant Colonial Life & Accident Insurance Company ("Colonial") places before the Court a Motion in Limine to Exclude the Testimony of Dr. John F. Burke, Jr. ("Dr. Burke").  (Doc. 57).  Colonial seeks to exclude, *in toto*, Dr. Burke's expert testimony regarding the plaintiff George Horne's ("Mr. Horne") lost earning capacity on the grounds that Mr. Burke's assumptions are either contradicted by the evidence or unfairly prejudicial.  See Fed. R. Evid. 702, 403.  Alternatively, Colonial seeks to limit, as irrelevant, Dr. Burke's testimony regarding Mr. Horne's alleged earnings loss after 3 July 2001.  See Fed. R. Evid. 401.  In response, Mr. Horne contends Mr. Burke's testimony reasonably reflects the economic loss from the breach of contract during the uncontroverted period, as well as the alleged, continuing condition preventing the plaintiff from recruiting Career Sales

Representatives ("CSRs").  (Doc. 58).  Colonial's reply brief parses this Court's 3 July 2006 Partial Summary Judgment Order to assert that "[Dr.] Burke's assumption that the breach continued [after 3 July 2001] is inconsistent with the Court's ruling."  (Doc. 59 p. 2).

Upon review of the record, the Court finds no legal or evidentiary merit in Colonial's motion.  In light of this Court's 3 July 2006 Order Dr. Burke may testify to the economic consequences to Mr. Horne of the contract breach recognized as having occurred during the period 1 February 1998 to 3 July 2001.  Logically, with the proper foundation established, Dr. Burke may also testify as to the economic consequences of that breach though its effects may reach beyond 3 July 2001.  In turn, Colonial may offer to challenge Dr. Burke's given testimony.

This Court's 3 July 2006 Order granting partial summary judgment to Mr. Horne on the breach of contract claim limited itself to the period 1 February 1998 to 3 July 2001.  (Doc. 43 pp. 7-9).  As such, the Court's 3 July 2006 Order merely recognized an absence of factual controversy and answered as a matter of law the question of whether Colonial breached Mr. Horne's employment contract during the period 1 February 1998 to 3 July 2001.  The Court found Colonial estopped from asserting a defense to Mr. Horne's breach of contract claim as it pertained to that period alone. Factual controversy in the record, specifically whether the alleged ability to recruit brokers cured the breach, prevented the Court from extending that legal finding beyond 3 July 2001.

The question of whether, as a matter of law, Colonial continued to breach Mr. Horne's employment contract, beyond 3 July 2001, was not adjudicated by the Court and thus remains as a factual controversy for trial.  Should Mr. Horne convince the trier

2

of fact that the breach of contract continued beyond 3 July 2001, then Dr. Burke may testify to the further economic loss resulting from that finding. In turn, Colonial may offer to dispute Dr. Burke's further given testimony.

Accordingly, the Court denies Colonial's Motion in Limine to Exclude the Testimony of Dr. John F. Burke, Jr.

IT IS SO ORDERED.

                                                /s/Lesley Wells
                                          UNITED STATES DISTRICT JUDGE